

*Henry E. Mazurek*
*Partner*
Direct (212) 655-3594
Fax (212) 655-3535
hem@msf-law.com

September 30, 2024

**Via ECF**

The Honorable Edward S. Kiel
United States District Judge
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

  Re: *United States v. Arthur Spitzer,* **No. 24 Cr. 528 (ESK)**

Dear Judge Kiel:

  We represent defendant Arthur Spitzer and write respectfully to request temporary modification of Mr. Spitzer's conditions of pretrial release for the upcoming Jewish holidays of Rosh Hashana, Yom Kippur, Sukkot and Simchat Torah. These holidays, some of the most important ones in the Jewish religion, begin on October 2, 2024, and conclude on October 25, 2024. Mr. Spitzer is a strict observer of the Jewish religion, including rules regarding activities allowed on religious holidays.

  On September 3, 2024, at Mr. Spitzer's initial appearance in this District, the Court imposed conditions of pretrial release to include electronic monitoring for the limited purpose of preventing Mr. Spitzer from traveling to any ports of entry, including airports or seaports. The technology used by Pretrial Services ("PTS") for such monitoring is an electronic device fastened to the person's ankle, which operates on battery power. This battery must be electrically charged on occasion, and if the battery runs low, then it is replaced with a charged one. A Jewish person's participation in this charging process is religiously forbidden by Jewish law during religious holidays and the Sabbath. *See United States v. Werczberger,* No. 23 Cr. 4 (JHR), S.D.N.Y., Sept. 10, 2024, Tr. at 43 (attached at Ex. A) (in imposing electronic monitoring as a condition of home detention, holding "under no circumstances shall the form of location monitoring interfere in any way with any religious holidays or observances during which the use of electronics [is] prohibited. That is to say, if, for example, a certain form of location monitoring would require that [the defendant] charge the device in the middle of a holiday during which charging devices and other use of electronics is not allowed, then that form of location monitoring is not to be used.") (citing *United States v. Neumann,* No. 21-cr-439 (NSR) (S.D.N.Y.) and *United States v. Nordlicht,* 16 Cr. 640 (BMC) (E.D.N.Y.)).

  While the Sabbath only lasts 24-hours and the battery power of the monitoring device can last throughout the day without the need for recharging, extended religious holidays, which are

upcoming in October, will cause the battery to fail without recharging. We, therefore, respectfully ask that the electronic monitoring condition be suspended during these holiday periods.

Because these monitors cause an alarm to sound when the battery is low or dying, and it would also be against Jewish law for the wearer of the ankle bracelet to shut it off (to stop the alarm), we ask that the Court allow the monitor to be physically removed before the start of the religious holiday and be reinstalled once the holiday ends.

The upcoming Jewish religious calendar includes the following dates: Rosh Hashanah begins on October 2, 2024, and ends on October 5, 2024. Yom Kippur begins on October 11, 2024, and ends on October 13, 2024. Sukkot begins on October 16, 2024, and ends on October 23, 2024. Simchat Torah begins on October 24, 2024, and ends on October 25, 2024. Because some of these dates end on a Friday night or weekend, we ask that the Order require Mr. Spitzer to appear at PTS Offices on the next business or weekday for the device to be reconnected.

In short, we ask that the monitoring condition be suspended for the following dates in October: **October 2-6, 2024; October 11-13, 2024; October 16-27, 2024.**

We conferred with Daniel Friedman, the assigned Assistant United States Attorney, regarding the instant request. Mr. Friedman informed us that the government would not object, provided that PTS and the Court approve. We therefore also contacted supervising Pretrial Services Officer Todd Jones. PTS informed us that it objects to the request because it has not removed an electronic ankle monitor for religious reasons, and has only done so for Court-approved medical justification. The lack of such a practice does not compel denial of Mr. Spitzer's request, which has an entirely valid First Amendment basis. Medical needs are analogous to religious ones, and indeed religious ones are more legally justifiable, due to the Constitutional rights they invoke.

Accordingly, Mr. Spitzer respectfully requests that the Court approve this bail modification request so that he may observe the upcoming Jewish holidays consistent with his Orthodox Jewish practice.

Respectfully yours,

/s/ HEM
Henry E. Mazurek
Jason I. Ser
*Counsel for Mr. Arthur Spitzer*

cc: Counsel of record (by ECF)
    Pretrial Services