

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

DANIEL A. FRIEDMAN
Assistant United States Attorney

401 Market Street, Fourth Floor
Camden, New Jersey 08101-2098

Direct Dial: 856.968.4867
Email:  Daniel.friedman2@usdoj.gov

October 1, 2025

Timothy Sini, Esq.
Nixon Peabody LLP
Tower 46, 55 West 46th Street
New York, NY  10036-4120

> **Re:**   **Plea Agreement with Mendel Deutsch**
> Criminal No. 24-528 (ESK)

Dear Mr. Sini:

This letter sets forth the plea agreement between your client, Mendel Deutsch, and the United States Attorney's Office for the District of New Jersey (the "Office").  This offer will expire on **Wednesday, October 1, 2025**, if it is not accepted in writing by that date.  If Mendel Deutsch does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

### Charges

Conditioned on the understandings specified below, the Office will accept a guilty plea from Mendel Deutsch to Counts 6 (bank and wire fraud conspiracy) and 27 (wire fraud) of the Indictment Criminal in Crim. No. 24-528 (ESK).  If Mendel Deutsch enters a guilty plea and is sentenced on these charges, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Mendel Deutsch for criminal activity in connection with the June 2020 fraudulent mortgage loan secured by real estate properties located on Malcolm X Boulevard in Brooklyn, New York, for his role in applying for or receiving proceeds from the fraudulent Economic Injury Disaster Loans (EIDLs) set forth in Schedule B, or for laundering or spending the proceeds from loans obtained as a result of the aforementioned fraudulent conduct, *provided that* Mendel Deutsch agrees that for the purposes of sentencing and calculation of the loss amount, that the EIDL loans set forth in Schedule B will be treated as part of the offense of conviction or relevant conduct pursuant to U.S.S.G. § 1B1.3.

In addition, if Mendel Deutsch fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 7-10 and 28-30 of the

1

Indictment in Criminal No. 24-528 (ESK) against him.  Mendel Deutsch agrees that uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Mendel Deutsch even if the applicable statute of limitations period for those charges expires after Mendel Deutsch signs this agreement, and Mendel Deutsch agrees not to assert that any such charges are time-barred.

### Sentencing

### Count 6

The violation of 18 U.S.C. § 1349 (Wire and Bank Fraud Conspiracy) to which Mendel Deutsch agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Count 27

The violation of 18 U.S.C. § 1343 (Wire Fraud) to which Mendel Deutsch agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### All Counts

The prison sentences on Count 6 and 27 may run consecutively to each other and consecutively to any prison sentence Mendel Deutsch is serving or is ordered to serve.

The sentence to be imposed upon Mendel Deutsch is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  Those Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Mendel Deutsch ultimately will receive.

Further, in addition to imposing any other penalty on Mendel Deutsch, the sentencing judge as part of the sentence:

(1)     will order Mendel Deutsch to pay assessments of $100 per count, for a total of $200, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Mendel Deutsch to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     may order Mendel Deutsch, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offenses;

(4)     must order forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A) and 28 U.S.C. § 2461;

(5)     pursuant to 18 U.S.C. § 3583, may require Mendel Deutsch to serve a term of supervised release of not more than 5 years on Count 6 and 3 years on Count 27, which will begin at the expiration of any term of imprisonment imposed.  Should Mendel Deutsch be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Mendel Deutsch may be sentenced to not more than 3 years' imprisonment on Count 6 and 2 years' imprisonment on Count 27, which could be consecutive, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Mendel Deutsch agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses in an amount that fully compensates the victims for the losses sustained as a result of those offenses.  Mendel Deutsch agrees that restitution for Count 6 includes $1,000,000, which is the net amount that entities associated with the true owner of the Malcolm X Properties paid as part of a civil settlement in order to regain clear title to the Malcolm X Properties.  As part of his restitution obligations, Mendel Deutsch further agrees to make full restitution for all losses—including the full loan amount and all advances, origination fees, processing fees, and accrued interest—associated with the EIDL loans listed on Schedule B, subject to any applicable credits for amounts already repaid to the victim.

## Forfeiture

As part of his acceptance of responsibility, Mendel Deutsch agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds he obtained directly or indirectly as a result of the commission of the offenses charged in Counts 6 and 27 of the Indictment.  Mendel Deutsch further agrees that the value of such property was $2,217,251.20; that one or more of the conditions set forth in 21 U.S.C. § 853(p)

exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by Mendel Deutsch, in an amount not to exceed \$2,217,251.20 (the "Forfeiture Amount"). Mendel Deutsch consents to the entry of an order requiring the defendant to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Mendel Deutsch further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas, and Mendel Deutsch agrees to cooperate with this discovery.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Mendel Deutsch's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Mendel Deutsch waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Mendel Deutsch understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Mendel Deutsch waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Mendel Deutsch's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Mendel Deutsch further agrees that he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office within 14 days of this Office's requesting that Mendel Deutsch do so. If Mendel Deutsch fails to timely provide a complete and accurate Financial Disclosure Statement, or if this Office determines that Mendel Deutsch has intentionally failed to disclose assets on his Financial Disclosure Statement, Mendel Deutsch agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

**Rights of The Office Regarding Sentencing**

Except as otherwise provided in this agreement, this Office reserves the right to take any position with respect to the appropriate sentence to be imposed on Mendel Deutsch by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mendel Deutsch's activities and relevant conduct with respect to this case.

**Stipulations**

This Office and Mendel Deutsch will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

**Waiver of Appeal and Post-Sentencing Rights**

As set forth in Schedule A and the paragraph below, this Office and Mendel Deutsch waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

**Immigration Consequences**

Mendel Deutsch understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Mendel Deutsch understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Mendel Deutsch wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Mendel

5

Deutsch understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Mendel Deutsch waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Mendel Deutsch also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mendel Deutsch. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Mendel Deutsch from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between Mendel Deutsch and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

Very truly yours,

JAMES MCHENRY
United States Associate Deputy Attorney
General

ALINA HABBA
Acting United States Attorney
Special Attorney

By: DANIEL A. FRIEDMAN
ELISA T. WIYGUL
Assistant United States Attorneys

APPROVED:

SARA A. ALIABADI
Deputy Attorney-In-Charge, Camden

7

I have received this letter from my attorney, Timothy Sini, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedules A and B), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
MENDEL DEUTSCH

Date: 10/1/2025


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedules A and B), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____
TIMOTHY SINI, Esq.
Counsel to Defendant Mendel Deutsch

Date:

8

**Plea Agreement with Mendel Deutsch**

**Schedule A**

1.      The Office and Mendel Deutsch recognize that the United States Sentencing Guidelines are not binding upon the Court.   Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024, applies in this case.

3.      Pursuant to U.S.S.G. § 3D1.2(d), Counts 6 and 27 group together because the offense level is determined largely on the total amount of harm or loss.

4.      The applicable guideline is U.S.S.G. § 2B1.1.  This guideline carries a Base Offense Level of 7 because the statutory maximum prison sentence for the charged offenses is 20 years or more.

5.      Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(J) applies because the total loss amount is greater than $3,500,000 but less than $9,500,000.   This Specific Offense Characteristic results in an increase of 18 levels.

6.      The parties do not presently agree as to the applicability of U.S.S.G. § 2B1.1(b)(10)(C).  This Office will argue that the offense involved sophisticated means and that Mendel Deutsch intentionally engaged in or caused the conduct constituting sophisticated means, resulting in an increase of 2 levels.  Mendel Deutsch may take the position that this Specific Offense Characteristic does not apply.  Both parties reserve their right to argue their respective positions at sentencing.

7.      The parties do not presently agree as to the applicability of U.S.S.G. § 2B1.1(b)(11)(C)(i).  This Office will argue that the offense involved the unauthorized use of any means of identification unlawfully to produce or obtain any other means of identification, resulting in an increase of 2 levels.  Mendel Deutsch may take the position that this Specific Offense Characteristic does not apply.  Both parties reserve their right to argue their respective positions at sentencing.

8.      The parties do not presently agree as to the applicability of U.S.S.G. § 3B1.2(b). This Office will argue that Mendel Deutsch is not a minor participant.  Mendel Deutsch may take the position that he is a minor participant and, as a result, he is entitled to a 2-level reduction in his offense level.  Both parties reserve their right to argue their respective positions at sentencing.

9.      As of the date of this letter, Mendel Deutsch has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Mendel Deutsch's acceptance of responsibility continues through the date of sentencing.  *See* U.S.S.G. § 3E1.1(a).

10.      As of the date of this letter, Mendel Deutsch has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Office to avoid preparing for trial and permitting

the Office and the court to allocate their resources efficiently.  At sentencing, the Office will move for a further 1-point reduction in Mendel Deutsch's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Mendel Deutsch enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Mendel Deutsch's acceptance of responsibility has continued through the date of sentencing and Mendel Deutsch therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Mendel Deutsch's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11.     If Mendel Deutsch establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further 2-level reduction in his offense level.

12.     The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the total offense level that the sentencing judge applies to Mendel Deutsch at Step I of sentencing; and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

13.     If the term of imprisonment does not exceed 63 months, and except as specified in the next paragraph below, Mendel Deutsch will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel.  The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.  If the term of imprisonment is at least 27 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge.  The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

14.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    i.   Any proceeding to revoke the term of supervised release;

    ii.   A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

    iii.   An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Schedule B – List of EIDL Loans

| Business Name | Loan Amount |
| --- | --- |
| 1500 WEST BLANCKE STREET LLC | $150,000.00 |
| 194 JOHNSON NJ LLC | $43,500.00 |
| 72 ARLINGTON AVE LLC | $136,000.00 |
| 352 WEST SIDE AVE LLC | $50,300.00 |
| 291 GRANT AVE LLC | $108,800.00 |
| DEUTSCHE EQUITY LLC | $150,000.00 |
| 537 KNICKERBOCKER ENTERPRISES LLC | $150,000.00 |
| 621 ROGERS AVE LLC | $68,000.00 |
| 224 WASHINGTON STREET LLC | $122,000.00 |
| 73 CORNEILSON AVE LLC | $150,000.00 |
| NYC DOORS INC. | $150,000.00 |
| J&M PROSPECT PLACE ENTERPRISES LLC | $150,000.00 |
| 1420-44 STREET ENTERPRISES LLC | $150,000.00 |
| 475 WOODWARD AVE LLC | $150,000.00 |
| 89 SCHEDECTADY AVE LLC | $150,000.00 |
| TOTAL | $1,878,600.00 |

11